(53 Misc. Rep. 460)

### CHUMAR v. MELVIN et al.

(Supreme Court, Special Term, New York County. March, 1907.)

MORTGAGES—LEASEHOLD INTEREST—FORECLOSURE.

> A tenant mortgaged his estate and was dispossessed for default in rent. When the warrant was issued there was an unexpired term of the lease, exceeding five years. The mortgagee took a new lease from the landlord for the balance of the term. *Held*, that she could foreclose her mortgage, as the right of redemption in the tenant, given by Code Civ. Proc. § 2256, allowing the payment of all rent in arrears at any time within one year, was outstanding, and was not merged in plaintiff's term.

Action by Rose M. Chumar against Eugene Melvin and others. Judgment for plaintiff.

House, Grossman & Vorhaus, for plaintiff.
John C. Shaw, for defendant Shaw.

BLANCHARD, J. This is an action to foreclose a mortgage upon a leasehold of which the defendant Oscar F. Shaw was owner at the time of the commencement of the action. The defendant raises two objections: First, that the present action is improperly prosecuted in the name of the plaintiff individually, instead of the plaintiff as executrix; and, second, that since the plaintiff obtained in September, 1906, after the defendant Shaw had been dispossessed for default in payment of rent, a new lease from the landlord for the whole unexpired period, and is now in possession thereunder, there has been a merger of the mortgagee's interest in her present term, and consequently that there is nothing to foreclose.

The first point above mentioned was raised upon appeal from an order of the Special Term denying a preference in the trial of this action, and was, for the purpose of that motion, determined against the defendant. Since the complaint shows clearly that the plaintiff is suing as executrix, it seems that these objections cannot avail at this stage of the case. The second point above mentioned is untenable. According to section 2256 of the Code of Civil Procedure the defendant Shaw, the dispossessed lessee, "may, at any time within one year after the execution of the warrant, pay or tender * * * all rent in arrear. * * * Thereupon the person making the payment or tender, shall be entitled to the possession of the demised premises." According to section 2257 the plaintiff, as mortgagee of said lessee,

can redeem the premises only "if a redemption is not made by the lessee" within said period; and the plaintiff may exercise this right only "before 2 o'clock of the day  *  *  *  next succeeding the last day" of the lessee's period of redemption. In the present position of affairs, therefore, the defendant Shaw may at any time within the period above mentioned redeem his lease as above described and oust the plaintiff. This right now enjoyed by the defendant Shaw is outstanding and has not been merged in the plaintiff's term. It is a proper subject for the present action of foreclosure, and the motion to dismiss the complaint is therefore denied. Accordingly judgment is rendered for the plaintiff.

Judgment for plaintiff.